UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

---------------------------------------------------------------x
DONALD ANDERSON, on behalf of himself :   Case No.: 6:13-CV-1754-ORL-28-DAB
and all others similarly situated                          :
                                                                           :
                                        Plaintiff,            :   CLASS ACTION COMPLAINT
                                                                           :
         vs.                                                        :   DEMAND FOR JURY TRIAL
                                                                           :
PORTFOLIO RECOVERY ASSOCIATES, :
LLC                                                                  :
                                                                           :
                                        Defendant.         :
                                                                           :
---------------------------------------------------------------x

**PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL**

Plaintiff Donald Anderson ("Plaintiff"), by and through his undersigned counsel, sues Defendant Portfolio Recovery Associates, LLC ("Defendant" or the "Company"), and alleges as follows:

**NATURE OF ACTION**

1.       This is a class action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

**JURISDICTION AND VENUE**

2.       This Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3.       Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, where Plaintiff resides in this State and this District, and where Defendant transacts business in this State and this District.

1

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Brevard, and City of Titusville.

5. Plaintiff was obligated, or allegedly obligated, to pay a debt due a creditor other than Defendant, namely Providian National Bank, and thus is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a.

6. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family or household purposes, and thus is a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

7. Defendant is a Delaware limited liability company with principal offices situated at 120 Corporate Blvd., Norfolk, VA 23502. Defendant may be served through its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

8. Defendant is engaged in the detection, collection and processing of both unpaid and normal-course accounts receivable originally owed to credit grantors, governments, retailers and others. The Company's business is the purchase, collection and management of portfolios of defaulted consumer receivables. These are the unpaid obligations of individuals to credit originators, which include banks, credit unions, consumer and auto finance companies and retail merchants.

9. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, by another.

10. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

11. Beginning as early as May 2013, Plaintiff received multiple telephone calls per week on his home telephone from Defendant with regard to an alleged debt that Defendant was trying to collect from Plaintiff concerning Providian National Bank (the "Debt").

12. In or about June 2013, Plaintiff spoke with a representative of Defendant and disputed that he owed the Debt.

13. Notwithstanding this conversation, Defendant continued calling Plaintiff to try and collect the Debt.

14. Thereafter, on July 22, 2013, Plaintiff sent two cease and desist letters to Defendant, demanding that Defendant cease from contacting Plaintiff. Defendant received and signed for the cease and desist letters on July 29, 2013 at the latest, as evidenced by the U.S. Postal Service Certified Mail Return Receipts attached hereto as Exhibit "A."

15. On July 24, 2013, Defendant sent Plaintiff correspondence stating that it had concluded its investigation of Plaintiff's dispute regarding the Debt and that Defendant was closing Plaintiff's account. The July 24, 2013 correspondence advised Plaintiff that the purpose of the correspondence was to respond to Plaintiff's dispute and that the correspondence was not an attempt to collect a debt. A copy of the July 24, 2013 correspondence is attached hereto as Exhibit "B."

16. As Defendant had received two cease and desist letters from Plaintiff, and as Defendant had provided Plaintiff correspondence indicating that it had closed Plaintiff's account, Plaintiff believed that his dealings with Defendant were over and that the issue with the Debt was resolved.

17. However, notwithstanding its receipt of two cease and desists letters and its correspondence to Plaintiff of July 24, 2013, Defendant has continued to harass Plaintiff by making repeated calls to his home telephone in an attempt to collect the Debt.

18. Indeed, Defendant has called Plaintiff multiple times per week, at various times during the day and evening, including:

| | |
|---|---|
| July 30, 2013 | 6:48 pm |
| August 2, 2013 | 8:28 am |
| August 8, 2013 | 11:52 am |
| August 8, 2013 | 7:18 pm |
| August 9, 2013 | 2:09 pm |
| August 9, 2013 | 6:20 pm |
| August 12, 2013 | 12:09 pm |
| August 12, 2013 | 6:50 pm |
| August 18, 2013 | 8:09 pm |
| August 20, 2013 | 8:27 am |
| August 20, 2013 | 6:13 pm |
| August 22, 2013 | 3:05 pm |
| August 22, 2013 | 6:12 pm |
| August 26, 2013 | 4:19 pm |
| August 26, 2013 | 6:02 pm |
| August 26, 2013 | 8:13 pm |
| August 28, 2013 | 1:25 pm |
| August 28, 2013 | 7:36 pm |
| August 29, 2013 | 5:52 pm |
| August 29, 2013 | 7:37 pm |
| September 3, 2013 | 3:10 pm |
| September 3, 2013 | 8:02 pm |

19. In a further attempt to harass and confuse Plaintiff, Defendant's phone calls were made from multiple phone numbers using multiple area codes.

20. Defendant's records may show that it made additional calls to Plaintiff in an attempt to collect the Debt other than those set forth here.

21. In early September 2013, Plaintiff spoke with Defendant and advised Defendant that the issue with the Debt had already been resolved, as set forth in Defendant's July 24, 2013 correspondence. Defendant's employee said he was not aware that the dispute had been resolved, and would look into it.

22. Notwithstanding that conversation, Defendant's July 24, 2013 correspondence to Plaintiff, and the two cease and desist letters that Plaintiff sent to Defendant, the calls from Defendant to Plaintiff have continued as of the filing of this complaint.

4

23. Defendant has faced other lawsuits with allegations that it continued calling consumers notwithstanding its receipt of cease and desist communications from those consumers. Further, internet debtor message boards contain numerous complaints concerning Defendant's conduct of continuing to call consumers notwithstanding its receipt of cease and desist communications from those consumers.

24. Upon information and belief, Defendant either engages in a practice of ignoring cease and desist communications from consumers and continuing to contact them thereafter in an attempt to collect debts, or has insufficient systems in place to prevent repeated violations of the FDCPA in this manner.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of one Class consisting of:

> All persons located in the United States whom, within one year before the date of this complaint, notified Defendant in writing that they refused to pay a debt and/or that they wished Defendant to cease further communication with them with regard to a debt that Defendant was trying to collect from them, whom thereafter received additional communications from Defendant in an attempt to collect the same debt.

26. Excluded from Class is Defendant, the officers and directors of Defendant, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

27. The proposed Class is so numerous that joinder of all members is impracticable. The exact number of members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Class is ascertainable in that the names and addresses of all members of the proposed Class can be identified in business records maintained by Defendant.

28. Plaintiff's claims are typical of the claims of the members of the Classes because Plaintiff's and all of the Class members' claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed Class.

29. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced and competent in class action litigation. Plaintiff has no interests that are contrary to or in conflict with the members of the Class that Plaintiff seeks to represent.

30. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

31. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class. Among the issues of law and fact common to the Class are:

    a. Defendants' violations of the FDCPA as alleged herein;

    b. the existence of Defendants' identical conduct particular to the matters at issue;

    c. the availability of statutory penalties; and

    d. the availability of attorneys' fees and costs.

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692c(c)

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 31.

33. 15 U.S.C. §1692c(c) provides:

(c) CEASING COMMUNICATION. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except --

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

34. Following receipt of the cease and desist letters from Plaintiff and following Defendant's July 24, 2013 correspondence to Plaintiff advising him that Defendant was closing his account, Defendant has continued to communicate with Plaintiff in an attempt to collect the Debt. The calls have continued even after Plaintiff again spoke with Defendant and advised Defendant that it had represented to him that the issue had already been resolved.

35. The calls are not being made to (1) advise Plaintiff that Defendant's collection efforts are being terminated, (2) notify Plaintiff that Defendant may invoke specified remedies which are ordinarily invoked by Defendant, or (3) notify Plaintiff that Defendant intends to invoke a specified remedy.

36. As such, Defendant violated 15 U.S.C. §1692c(c).

### COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692d

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 31.

38. 15 U.S.C. §1692d provides, in pertinent part:

7

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

39. Following receipt of the cease and desist letters from Plaintiff and following Defendant's July 24, 2013 correspondence to Plaintiff advising him that Defendant was closing his account, Defendant has harassed Plaintiff by continually calling Plaintiff on his home phone in an apparent attempt to collect the Debt, causing Plaintiff's telephone to ring repeatedly. The calls have continued even after Plaintiff again spoke with Defendant and advised Defendant that it had represented to him that the issue had already been resolved.

40. As such Defendant has violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests for relief and judgment, as follows:

(a) Adjudging and declaring that Defendant violated 15 U.S.C. §1692c(c) and 15 U.S.C. §1692d with respect to Plaintiff and the Class;

(b) Awarding Plaintiff and the Class statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000.00;

(c) Awarding Plaintiff and the Class actual damages sustained as a result of Defendant's violations, pursuant to 15 U.S.C. §1692k;

(d) Awarding Plaintiff and the Class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1692k;

(e) Awarding Plaintiff and the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

(f) Awarding other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

DATED:  November 5, 2013                    Respectfully submitted,

*James Davidson* (signature)

**JAMES L. DAVIDSON**
Florida Bar No. 723371
**MICHAEL L. GREENWALD**
Florida Bar No. 761761
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561.826.5477
Fax: 561.961.5684
jdavidson@mgjdlaw.com
mgreenwald@mgjdlaw.com

Trial Counsel for Plaintiff and the proposed Class

**AARON D. RADBIL**
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
Telephone: 888.595.9111 ext. 122
Fax: 866.577.0963
aradbil@attorneysforconsumers.com

Co-Counsel for Plaintiff and the proposed Class